UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT R. D. CALLIOUX,

        Petitioner,

   v.

CHERYL STRANGE et al.,

        Respondents.

CASE NO. 24-CV-00687-BHS-GJL

ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on United States Magistrate Judge Grady J. Leupold's Report and Recommendation (R&R), recommending the Court deny petitioner Robert R. D. Callioux's 28 U.S.C. § 2254 writ of habeas corpus and deny a certificate of appealability. Dkt. 14. Callioux objects to the R&R, alleging Judge Leupold did not "conduct a fair or complete *Strickland* analysis" of his ineffective assistance of counsel claim. Dkt. 15.

The R&R is adopted because Callioux cannot establish the state court's determination of his ineffective assistance of counsel claim was unreasonable.

ORDER - 1

# I.  BACKGROUND

In 2022, Callioux was convicted in King County superior court of one count of first degree rape of a child and two counts of first degree child molestation for abusing his daughter, M.R.Y. He appealed, arguing in part that his defense counsel was ineffective for failing to call a witness, D.C., to testify at trial. Dkt. 11-1, Exhibit 2.

The state court of appeals affirmed his conviction in October 2023. The court held that Callioux had not rebutted the presumption that his counsel's decision not to call D.C. as a witness was reasonable. Dkt. 11-1 at 25. The court declined to presume deficient performance from the record, which was silent on defense counsel's rationale. There were "conceivable tactical reasons to explain counsel's decision," including the possibility that D.C.'s memory was not credible or that calling D.C. would undermine testimony from other defense witnesses. *Id.* Callioux appealed the decision, and the state supreme court denied review. *Id.* at 157.

In May 2024, Callioux filed a habeas petition under 28 U.S.C. § 2254. Dkt. 1. His sole claim remains that his trial counsel provided him with ineffective assistance because counsel failed to have D.C. testify. Judge Leupold recommended the petition be denied because the "state courts' adjudication of [Callioux's claim] . . . was not contrary to, nor an unreasonable application of, clearly established federal law." Dkt. 14 at 1.

Callioux objects to the R&R, arguing that the court of appeals ignored the importance of D.C.'s testimony in light of the "weakness of the state's case." Dkt. 15 at 2–3. He asserts the state admitted in its trial briefs that D.C.'s testimony would have been

dispositive because it could establish reasonable doubt as to his guilt.[1] *Id.* at 3–4. He points to a February 2024 declaration by D.C. in which she states she would have testified that she "was always present" on M.R.Y's overnight weekend visits with Callioux and "never observed any sexual misconduct or any other improper or criminal conduct." Dkt. 3-1 at 260–61. He contends it is "inconceivable that any competent defense counsel in such circumstances" would make the strategic decision to not call the "key defense witness" to the stand. Dkt. 15 at 7.

## II.  DISCUSSION

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). In providing for a de novo determination, Congress "intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal

---

[1] In its trial brief, the State sought to introduce evidence of D.C.'s past theft convictions. Dkt. 3-1 at 179. The State wrote, "[D.C.] should not be allowed to testify . . . without the jury knowing that within the last two years, [she] . . . committed crimes of dishonesty" because she could "potentially caus[e] reasonable doubt in the jury." *Id.*

ORDER - 3

quotation marks omitted). Thus, the district court is required only to indicate that it reviewed the record de novo and found no merit to the objections in order to summarily adopt the R&R's analysis. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). The district court is not obligated to "expressly address" every objection. *Id.* at 437.

A federal court may not grant habeas relief to a prisoner on a claim that was adjudicated on the merits in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

*Strickland v. Washington* governs ineffective assistance of counsel claims. 466 U.S. 668 (1984). First, the defendant must show counsel's performance was deficient with "errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. The defendant must also establish the "deficient performance prejudiced the defense" so as to "deprive the defendant of a fair trial." *Id.*

Courts assess counsel's performance per "an objective standard of reasonableness" based on the "facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. The standard is "highly deferential," and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689–90. Prejudice exists if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 984.

Federal courts must be "'doubly deferential'" to defense counsel and the state court when addressing an ineffective assistance of counsel claim in a habeas petition. *Dunn v. Reeves*, 594 U.S. 731, 739 (2021) (quoting *Burt v. Titlow*, 571 U.S. 12, 15 (2013)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 563 U.S. 86, 101 (2011). The defendant bears the heavy burden of rebutting the strong presumption of reasonableness. *Dunn*, 584 U.S. at 739. Relief is warranted "only if *every* 'fairminded juris[t]' would agree that *every* reasonable lawyer would have made a different decision." *Id.* at 740 (quoting *Richter*, 562 U.S. at 101).

Callioux does not establish the state court of appeals was unreasonable in its analysis of his counsel's performance. Applying *Strickland*, the court presumed counsel's reasonableness based on several "conceivable tactical reasons" for the decision, despite the record's silence on the issue. Dkt. 11-1 at 25. Callioux asserts this is "pure speculation," rather than objective analysis. Dkt. 15 at 7. He argues it is "'inconceivable' that any competent defense counsel would fail to both call the single available percipient witness *and* introduce available evidence corroborating the personal presence of that witness at the relevant times. Dkt. 15 at 5 (citing *Hart v. Gomez*, 174 F.3d 1067 (9th Cir. 1999)).

The certification of probable cause states that D.C. told the Kirkland Police Department "she would pretty much spend the night with MRY *almost every other weekend*" at Callioux's house. Dkt. 3-1 at 229 (emphasis added). As the court of appeals

noted, this inconclusive statement supports the possibility that "counsel reasonably determined that D.C. would not present as credible." Dkt. 11-1 at 25 n.2. The fact that the State wrote in its trial brief that D.C. could "potentially caus[e] reasonable doubt in the jury" does not rebut the presumption that defense counsel's decision not to call D.C. as a witness was a reasonable and professional one. Dkt. 3-1 at 179; *see Strickland*, 466 U.S. at 690.

Callioux now relies on D.C.'s declaration to allege D.C. would have testified that she "was always present with [M.R.Y] during the overnight weekend sleepovers." Dkt. 3-1 at 261. But the declaration is not part of the record; it was filed in February 2024, well after the court of appeals decision. The Court cannot consider D.C.'s late declaration. *See* 28 U.S.C. § 2254(d)(2) (the court considers the state court's decision in the "light of the evidence presented in the State court proceeding"). The Court concludes the state court was reasonable in rejecting Callioux's ineffective assistance of counsel claim.

The R&R, Dkt. 14, is **ADOPTED**. Callioux's objections to the R&R, Dkt. 15, are **OVERRULED**, and his § 2254 petition, Dkt. 1, is **DENIED**. The Court declines to issue a certificate of appealability because Callioux has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

The Clerk shall enter **JUDGMENT** and close this case.

**IT IS SO ORDERED**.

//

//

Dated this 16th day of December, 2024.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7